| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT |
| Eduardo Perez,<br><br>        Plaintiff,<br><br>v.<br><br>Horry Georgetown Technical College,<br><br>        Defendant. | **SUMMONS**<br>(Jury Trial Demanded)<br><br> |

**TO THE DEFENDANT ABOVE-NAMED:**

    YOU ARE HEREBY SUMMONED and required to answer the Complaint, a copy of which is served upon you, and to serve a copy of our to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after serve hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      THE LOVELY LAW FIRM, INC.

                                      By: *s/ Samantha Albrecht*
                                      Samantha Albrecht (SC Bar No. 102642)
                                      1053 London Street
                                      Myrtle Beach, SC 29577
                                      Ph. 843-839-4111
                                      samantha@justiceislovely.com

                                      Attorney for the Plaintiff

February 12, 2024

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT |
| Eduardo Perez,<br><br>            Plaintiff,<br><br>v.<br><br>Horry Georgetown Technical College,<br><br>            Defendant. | COMPLAINT<br>(Jury Trial Demanded) |

Plaintiff complaining of the defendant respectfully alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Eduardo Perez, is a citizen and resident of Horry County, South Carolina.

2. Defendant, Horry Georgetown Technical College, is a public technical college serving Horry and Georgetown Counties including locations in Horry County, South Carolina.

3. This action arises under Title VII of the Civil Rights Act of 1964, and the Common Law of South Carolina.

4. Plaintiff appropriately and timely filed charges with the Equal Employment Opportunity Commission, received his Notice of Right to Sue, and this action is timely.

5. Jurisdiction and venue are proper, because the parties have sufficient connections to this circuit, and the events giving rise to this action occurred in Horry County, South Carolina.

### FACTUAL ALLEGATIONS

6. Plaintiff is a Hispanic male from Mexico.

7. Plaintiff is a United States citizen and received his PhD from the University of Nebraska at Lincoln in 2001. He has worked in academia for over twenty years.

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

8. In Fall 2020, Plaintiff began as an Associate Professor of Sociology at Horry Georgetown Technical College. He was the only Hispanic professor in the program. He was hired as an associate professor for a two-year probationary period, after which he would be in contention for a promotion to full professor.

9. Throughout his employment with the College, Plaintiff performed his job duties in a competent if not more than competent manner.

10. Plaintiff excelled in a number of categories throughout his employment, including but not limited to the following:

   a. Overhauled curriculum & aligned HGTC's 2021-2024 strategic goals with the American Association of Colleges and Universities (AACU), adding essential learning outcomes.

   b. Certificate of Accomplishment by the Distance Learning Institute using MLS "Desire to Learn" (D2L). Plaintiff developed criteria for reaccreditation for online classes.

   c. Added AACU's Intercultural knowledge and Competence Value Rubrics in his curriculum.

   d. Became part of the Technical Crew at Beach Church, facilitating the use of ProPresenter, and serving in the "Celebrate Recovery" program for people who were broken.

   e. Earned 18 credit hours of continuing education training at The University of South Carolina, School of Law-Children's Law Center. Became a Guardian ad Litem for S.C. Department of Children's Advocacy Program. Wrote 12 monthly child assessment reports. Working in tangent with an attorney, won a case on February

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

11, 2022 on behalf of a single mom with 4 children who had experienced torture and trauma.

11. From the beginning of his employment through late 2022, Plaintiff was subject to discriminatory comments and microaggressions.

12. In Fall 2020, after beginning his employment, it was understood that he needed to engage in some type of volunteer work. Minda Chaska, Plaintiff's immediate supervisor and chair of his department, suggested Plaintiff work with tutoring services.

13. In September 2020, Plaintiff reached out to Dean Blumberg about assisting with tutoring services. In response, it was suggested that he work with ESL students. When Plaintiff later met with Blumberg, he implied that Plaintiff spoke Spanish and that it was Plaintiff's specialty. When Plaintiff politely declined and explained his specialty was sociology, Plaintiff was told that a sociology tutor was not needed.

14. Plaintiff later became a certified Guardian ad Litem to fulfil his volunteer requirements.

15. Chaska later implied that Plaintiff's unwillingness to tutor ESL students showed that he was unwilling to help students. However, Plaintiff does not have any experience teaching Spanish or English and this would have been outside his area of expertise.

16. On a number of occasions after this, Chaska made statements about mistakes in Plaintiff's English. Chaska would imply that the mistakes Plaintiff made had more to do with Plaintiff's national original, ethnicity, and culture.

17. In October 2021, Chaska made a statement that he makes mistakes with his English and that "if it ever got out in the community, it looks bad for the institution." On another occasion after this, Chaska made statements that Plaintiff needed to "polish" his English.

4

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

18.     In December 2021, Plaintiff was leaving the Conway Campus to attend a faculty development seminar at the Grand Strand Campus. On his way out, he ran into the president of the college, who he spoke to about starting at the college and going up for promotion the following year. As a result, he was late arriving to the faculty development seminar. Following the seminar, Chaska approached him and yelled at him loudly about being late. Chaska did not reprimand similarly situated employees for being late in this manner. The following day was the last day for faculty to be on campus before winter break.

19.     January 3, 2022, was the first day back after winter break for faculty. On Plaintiff's drive back to South Carolina from Iowa (where his family lives and where he spent the break) he was delayed due to a snowstorm. While driving, he received an email from Chaska asking where he was. He arrived on campus by 2 pm. Chaska again got in his face and yelled about him being late to campus and stated that she needed to know where he was at any time in case the dean called. At this time, the majority of the other faculty members in his department had not yet returned to campus. Upon information and belief, Chaska was not following up on their whereabouts or reprimanding them for their time on campus.

20.     On January 4, 2022, Plaintiff again came to campus. The majority of the other faculty in his department were still not on campus. Plaintiff continued to work as planned.

21.     On January 6, 2022, Plaintiff was called to a meeting with Dean Candice Howell, and Bobbi Joe Oxedine, with Faculty Relations. In this meeting, it was alleged that Plaintiff had not shown up to work on Monday, he missed deadlines, and he did not get along with faculty. He interjected that he had been on campus on Monday, he had just been late due to a delay from driving in the snow. He brought up concerns at this time about work attendance that Chaska was

not treating him fairly and he was being subjected to harassment and hostility. In response, his office was moved to another building away from Chaska.

22. The following day, January 7, 2022, Plaintiff received an email from Chaska about submitting 8 hours of leave for the previous Monday even though he worked for part of the day.

23. On April 8, 2022, Plaintiff was up for promotion and was granted the promotion, effective August 15, 2022.

24. On August 15, 2022, Plaintiff was promoted to full professor. At this time, he received praise from the Executive Vice President for Academic Affairs and Workplace Development Jennifer Wilbanks, Dean Howell, and Bobbie J. Oxendine.

25. During the Fall 2022 semester, one of the courses Plaintiff was assigned to teach was an introductory to sociology course through PACE, a program that brings college courses to high schools. As a result, the course teaches college material to junior and senior high school students at North Myrtle Beach High School. He has taught this introduction to sociology course on several previous occasions in the college setting and had experience teaching from the textbooks used and had activities and PowerPoints that went with the course.

26. On November 15, 2022, he taught a lesson to his PACE students. This was week 14 of a 16-week course. The chapter that week and associated lesson were on racism. The class went well, and students were engaged in the discussion. On November 17, 2022, he received a call from Dean Howell to notify him that there had been parent complaints about the lesson and an investigation was being started. In the meantime, he was not to return to the high school for the PACE course.

27. On the morning of November 21, 2022, Plaintiff was at home. His schedule would typically have him at campus at about 9:30 am. As he arrived on campus, he noticed that Howell

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

had scheduled a meeting with him that morning that had already started. He rushed to the meeting and arrived about 15 minutes after the proposed start time. Howell stated Plaintiff had missed the meeting and she would need to reschedule it with Jackie Snyder of Human Resources. He had no prior notice of this meeting, and it was placed on his work calendar the very morning that it took place. Howell was able to reschedule the meeting to take place at 11am that morning. In this meeting, there were accusations that Plaintiff did not know how to properly give the introduction to sociology lesson on racism and that students were uncomfortable. While racism is inherently and uncomfortable subject for most, the lesson had gone well and was taught based on the textbook that was assigned to the course and PowerPoints that had been provided by the author of the textbook. Plaintiff was further berated for missing the meeting earlier that morning that he had received no notice of. The meeting concluded with an agreement that he would get with other colleagues to develop a plan for teaching lessons involving race relations in the future.

28.     On December 1, 2022, Plaintiff had another meeting with Howell and Synder. They stated that the investigation into the lesson had concluded, and it was not good news. They handed him two separate letters of discipline dated December 1, 2022.

29.     Plaintiff requested to grieve them both of the letters of discipline but was told by Oxendine and Snyder told he can only grieve one of the two. He further expressed in this meeting that he believes he is being treated unfairly as a Mexican American and that he is being discriminated against. The pretextual discipline addressed the attendance complaint made in January 2022 that he had previously disputed, complaints about the PACE lesson, and complaints about his attendance on the basis on missing the initial meeting on November 21. As a result, he was suspended for three days and placed on pretextual performance improvement plan. As a part of the plan, he was required to provide Chaska with a detailed copy of his schedule, which he did.

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

Despite this, Chaska continued to question Plaintiff's schedule and his whereabouts, and would make excuses to come by his office to check on him.

30. Similarly situated non-Hispanic, white, faculty members were not treated in this manner.

31. Plaintiff went through the grievance process and expressed that Chaska was discriminating against him. The decisions were upheld, and he did not feel that the grievance process listened to him, considered his position, or reviewed any of the documentation that he submitted. Right at this time, Plaintiff was told the department was splitting and he would begin reporting to Paul Crowelly beginning on January 4, 2023.

32. Throughout the end of December, Plaintiff was getting constant emails from Chaska and Howell. Due to his email response time being pretextually evaluated through the performance plan, he was sure to respond to all emails promptly.

33. On December 30, 2022, Plaintiff received an email to his personal email address with a letter dated December 19, 2022. This letter terminated his employment based on the pretextual reasons including but not limited to not responding to a meeting request for a 4pm meeting that was sent at 3:45pm the day of the proposed meeting, having incomplete/WF/W grades pending the morning that grades were due, and not being available to advise students who were no longer on campus during the times referenced.

### FOR A FIRST CAUSE OF ACTION
(National Origin Discrimination in Violation of Title VII – Hostile Work Environment)

34. Plaintiff realleges the foregoing where consistent.

35. Plaintiff is a Hispanic male from Mexico.

36. Defendant denied Plaintiff fair terms and conditions of employment and treated Plaintiff disparately in comparison to similarly situated employees who were not from Mexico.

37. Plaintiff was subjected to an unwelcome conduct amounting to a hostile work environment based on his national origin.

38. This treatment was severe and pervasive.

39. The conduct altered Plaintiff's conditions of employment and created an abusive work environment.

40. Defendant was aware of such unwanted conduct and took no action to remedy to conduct.

41. Such treatment from Defendant is based on Plaintiff's national origin.

42. Such conduct by Defendant is willful and wanton.

43. Such treatment, described herein, constitutes unlawful discrimination in violation of Title VII, for which Defendant is liable.

44. As a result of the national origin discrimination alleged herein, Defendant has directly and proximately caused Plaintiff damages, for which Defendant is liable, including back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, and emotional distress. Plaintiff is entitled to an award of actual damages for the willful and intentional acts of Defendant through its agents and employees, as determined by a jury, reasonable attorney's fees, costs of this action, and pre-judgment interest on all damages recovered. Plaintiff is further entitled to any equitable relief which this Court may deem just and proper.

### FOR A SECOND CAUSE OF ACTION
**(Race Discrimination in Violation of Title VII – Hostile Work Environment)**

45. Plaintiff realleges the foregoing where consistent.

46. Plaintiff is a Hispanic male from Mexico.

47. Defendant denied Plaintiff fair terms and conditions of employment and treated Plaintiff disparately in comparison to similarly situated non-Hispanic employees.

48. Plaintiff was subjected to an unwelcome conduct amounting to a hostile work environment based on his race.

49. This treatment was severe and pervasive.

50. The conduct altered Plaintiff's conditions of employment and created an abusive work environment.

51. Defendant was aware of such unwanted conduct and took no action to remedy to conduct.

52. Such treatment from Defendant is based on Plaintiff's race.

53. Such conduct by Defendant is willful and wanton.

54. Such treatment, described herein, constitutes unlawful discrimination in violation of Title VII, for which Defendant is liable.

55. As a result of the race discrimination alleged herein, Defendant has directly and proximately caused Plaintiff damages, for which Defendant is liable, including back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, and emotional distress. Plaintiff is entitled to an award of actual damages for the willful and intentional acts of Defendant through its agents and employees, as determined by a jury, reasonable attorney's fees, costs of this action, and pre-judgment interest on all damages recovered. Plaintiff is further entitled to any equitable relief which this Court may deem just and proper.

**FOR A THIRD CAUSE OF ACTION**
**(National Origin Discrimination in Violation of Title VII – Wrongful Termination)**

56. Plaintiff realleges the foregoing where consistent.

57. Plaintiff is a Hispanic male from Mexico.

58. Plaintiff performed his job duties in a competent, if not more than competent, manner throughout his employment with Defendant.

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

59. Defendant removed Plaintiff from teaching a PACE course, subjected Plaintiff to disciplinary action, and ultimately terminated Plaintiff's employment. Defendant's reasons for all these adverse actions were unjust and pretextual. Defendant took these adverse actions action Plaintiff's employment because of his nation origin.

60. Similarly situated employees who are not from Mexico were not subjected to this treatment.

61. Such conduct by Defendant is willful and wanton.

62. Such treatment, described herein, constitutes unlawful discrimination in violation of Title VII, for which Defendant is liable.

63. As a result of the national origin discrimination alleged herein, Defendant has directly and proximately caused Plaintiff damages, for which Defendant is liable, including back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, and emotional distress. Plaintiff is entitled to an award of actual damages for the willful and intentional acts of Defendant through its agents and employees, as determined by a jury, reasonable attorney's fees, costs of this action, and pre-judgment interest on all damages recovered. Plaintiff is further entitled to any equitable relief which this Court may deem just and proper.

### FOR A FOURTH CAUSE OF ACTION
(Race Discrimination in Violation of Title VII – Wrongful Termination)

64. Plaintiff realleges the foregoing where consistent.

65. Plaintiff is a Hispanic male from Mexico.

66. Plaintiff performed his job duties in a competent, if not more than competent, manner throughout his employment with Defendant.

67. Defendant removed Plaintiff from teaching a PACE course, subjected Plaintiff to disciplinary action, and ultimately terminated Plaintiff's employment. Defendant's reasons for all

these adverse actions were unjust and pretextual. Defendant took these adverse actions action Plaintiff's employment because of his race.

68. Similarly situated non-Hispanic employees were not subjected to this treatment.

69. Such conduct by Defendant is willful and wanton.

70. Such treatment, described herein, constitutes unlawful discrimination in violation of Title VII, for which Defendant is liable.

71. As a result of the race discrimination alleged herein, Defendant has directly and proximately caused Plaintiff damages, for which Defendant is liable, including back pay, front pay, back benefits, front benefits, diminished earning capacity, pain and suffering, and emotional distress. Plaintiff is entitled to an award of actual damages for the willful and intentional acts of Defendant through its agents and employees, as determined by a jury, reasonable attorney's fees, costs of this action, and pre-judgment interest on all damages recovered. Plaintiff is further entitled to any equitable relief which this Court may deem just and proper.

### FOR A FIFTH CAUSE OF ACTION
(Retaliation in Violation of Title VII)

72. Plaintiff realleges the foregoing where consistent.

73. Plaintiff engaged in protected activity when he complaint to Defendant about what he viewed as unfair treatment based on his national origin and race.

74. Plaintiff was then isolated at work by his coworkers who would not communicate with his, personally or professionally, in the same way as before because he engaged in such protected activity, in violation of Title VII.

75. Defendant also removed Plaintiff from teaching a PACE course, subjected Plaintiff to disciplinary action, and ultimately terminated Plaintiff's employment. Defendant's reasons for all these adverse actions were unjust and pretextual.

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

76. Defendant is liable to Plaintiff for its willful and wrongful retaliation against Plaintiff for protected activities he took against unfair, egregious, and perceived national origin and race discrimination and harassment.

77. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and Defendant is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm; as well as the reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

a. An award of monetary damages in an amount to be determined at trial.

b. An award of exemplary damages.

c. An award of punitive damages.

d. An award of attorneys' fees.

e. An award of Plaintiff's costs and expenses of this suit.

f. A trial by jury.

g. Any other relief that the Court deems just and proper.

**(Signature Block on Next Page)**

ELECTRONICALLY FILED - 2024 Feb 27 10:42 AM - HORRY - COMMON PLEAS - CASE#2024CP2601411

**THE LOVELY LAW FIRM, INC.**

By: *s/ Samantha Albrecht*
Samantha Albrecht (SC Bar No. 102642)
1053 London Street
Myrtle Beach, SC 29577
Ph. 843-839-4111
samantha@justiceislovely.com

Attorney for the Plaintiff

February 12, 2024